# Eakman *versus* Sheaffer.

*Declarations of agent or tenant, inadmissible in ejectment to affect title of landlord or owner.—Proper form of bill of exceptions.*

1. The declarations of a party in possession of land, as to the extent and boundaries of his claim, are evidence to affect himself: but testimony of the declarations of a tenant, or of an agent, outside the scope of his agency, as to a boundary, is not evidence to affect the title of the landlord or owner: still less, where the agent or tenant is in possession under an executor of a former owner.

2. Where testimony received, under objection, is to be brought up on writ of error, it is the duty of counsel to see that it appears in full, and under the certificate of the judge; and where, in a court of error, it is alleged that the objectionable testimony was offered as rebutting to the declarations of the same witness, under examination by the opposite party, the fact should appear in the bill of exception; and, where it does not, the deficiency cannot be supplied by abstracts of other testimony, not given in full, in the paper-books.

3. If a juror impannelled in the trial of a cause is discovered to have sat as a juror on a former trial of the same cause, the objection should be forth-with made: if not, and the party takes his chance of a verdict, he cannot afterwards complain.

ERROR to the Common Pleas of *Armstrong county.*

This was an action of ejectment by Peter Sheaffer against Peter Eakman, for about twenty acres of land in Allegheny township. The defendant was tenant of E. W. H. Schenley and Mary his wife and Matthew Scott, who claimed to hold the land as tenants in common.

The surveys under which the parties claimed interfered with each other, and one of the questions in the cause was as to the true location of defendant's survey, which was the elder of the two.

[Eakman v. Sheaffer.]

On the trial the plaintiff called John Klingersmith, and offered to prove by him the declarations of one S. Foreman, the agent or tenant of Mr. Denny, one of the executors of General O'Hara (under whom defendants claimed), as to the boundary of the survey, which was objected to by defendant's counsel, but was admitted by the court.

Under the ruling of the court below there was a verdict and judgment for the plaintiff, which was followed by a motion for a new trial, for the reason that a person was called and allowed to sit as a juror on the trial, who had been a juror upon a former trial of the same cause, when a verdict was rendered for plaintiff, which fact was not discovered until after the evidence was in, and the argument partially made.

On argument the motion was overruled for the reason that the defendant did not take advantage of the earliest opportunity to object to the juror, but took his chance of a verdict. This writ was thereupon sued out, and the errors assigned were—

The admission in evidence of the declarations of S. Foreman, the refusal of the court to set aside the verdict, and the entry of judgment thereon.

There was no return in the paper-books of the evidence given in the cause, but only an abstract of it furnished by defendant in error, bearing remotely on the propriety of the admission of the declarations of Samuel Foreman, without any certificate of the judge or bill of exceptions.

*E. S. Golden*, for plaintiff in error.

*J. Boggs*, for defendant in error.

The opinion of the court was delivered by

Thompson, J.—It does not appear whether Foreman, whose declarations were admitted, was agent or tenant at the time of uttering them. The offer was to " prove his declarations while in possession of the land, as the agent or tenant of Denny, one of the executors of O'Hara, as to the boundary of the survey." It would be strange indeed if the declarations of the agent of an executor would be evidence against the heir or devisee when the executor's own would not. It is true, both might be as between them as vendors and a vendee, but that is not this case. The testimony was offered and received on general principles. But the principle was mistaken. It only permits the declarations of one in possession as to the extent and boundaries of his claim to affect himself. No landlord would be safe if his tenant might affect his title by declarations about his boundaries. Nor could an agent go further unless such declarations were shown to be within the scope of his agency. As agent, the testimony was

12 Wr.—12

[Eakman *v.* Sheaffer.]

inadmissible, and as tenant the case of Kirkpatrick *v.* Vanhorn, 8 Casey 131, rules the precise point against the testimony. It is not intended to be denied but that there are cases in which the continuous acts and occupancy by a succession of tenants may be given in evidence to define a boundary, but that is on the ground that such acts represent the landlord rather than themselves, and that they occupy by his assent or direction.

The defendant's counsel alleges that this testimony was offered as rebutting something proved—as declarations of the same witness by the other side. If so, why did he not say so in his offer? That would have presented a different question altogether. To prove this he gives us abstracts from testimony to be found in full nowhere. This will not do. We have often endeavoured to impress upon counsel the caution that when testimony is to be brought up it must appear in full, and under the certificate of the judge. We see nothing in the suggestions and arguments which redeems the error committed in receiving the testimony of the declarations of Foreman, as to the line or corner of the tract in controversy. We must reverse for that, therefore.

We need only say of the second assignment of error, that the matter complained of is not in a shape that we can act upon it. If the counsel had objected to the juror the moment he discovered that he had sat on a former trial of the same cause, and the court had overruled his objection, he might possibly have had a case; but he took his chance of a verdict before making the objection, and then it was too late. But this is of no consequence now, as the case must be reversed on other grounds.

Judgment reversed, and *venire de novo* awarded.