## Commonwealth *v.* Evans, Appellant.

*Jury—Challenges—Trial—Practice, C. P.—Acts of March* 6, 1901, *P. L.* 16, *and July* 9, 1901, *P. L.* 629.

Where counsel for defendant in a criminal case, after having examined a juror turns him over to the commonwealth for cross-examination, he does not thereby waive his right to reject the juror after the cross-examination is completed.

Argued March 14, 1904.    Appeal, No. 10, Jan. T., 1905, by defendant, from order of Q. S. Lackawanna Co., Oct. T., 1903, No. 286, overruling peremptory challenge to juror in case of Commonwealth v. David B. Evans.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Reversed.

Indictment for bribery.

The opinion of the Superior Court states the case.

*Error assigned* amongst others  was  order  overruling defendant's peremptory challenge to the juror, John M. Rose.

*George S. Horn* and *J. F. Scragg*, with them *F. J. Fitzsimmons* and *John R. Jones*, for appellant.—When  this juror was challenged  peremptorily he was standing  before the  court under examination; he had not taken  his seat in the box, neither had another juror been called for the voir dire examination. The proper time for the challenge—" when the juror is called "— had not passed : Traviss v. Com., 106 Pa. 597 ; Benedict v. Penna. Coal Co., 6 Kulp, 221 ; Patton v. Ash, 7 S. & R. 116; Miller v. Wilson, 24 Pa. 114 ; Wenrick v. Hall, 11 S. & R. 153 ; Kennedy v. Dale, 4 W. & S. 176.

*Joseph O'Brien*, with him *William R. Lewis*, district attorney,

and *James H. Torrey*, for appellee, cited : McFadden v. Com., 23 Pa. 12 ; Patton v. Ash, 7 S. & R. 116.

OPINION BY BEAVER, J., May 19, 1904 :

The principal assignment of error raises an important question of practice arising in part under the construction of the Act of March 6, 1901, P. L. 16, as amended by the Act of July 9, 1901, P. L. 629.   Both commonwealth and defendant, under the latter act, are entitled to six peremptory challenges, to be made and assigned by the commonwealth and defendant respectively when a juror is called.   Under a proviso, which is an amendment to the original act, authority is given, in cases not triable exclusively in the courts of oyer and terminer and general jail delivery, to the court in which a case is called for trial, by a general rule to fix a different manner and time for exercising said peremptory challenges in the process of empanelling a jury.   In the interpretation of this act in the criminal courts of Lackawanna county and elsewhere, the commonwealth and the defendant are called upon to exercise the right of challenge alternately.

In the present case the first juror called was examined by the commonwealth, cross-examined by the defendant and accepted. The next juror, John M. Rose, was examined by the defendant. Without signifying in any way an intention to accept the juror, the counsel for the defendant said, " Cross-examine."   Counsel for the commonwealth immediately said, " We will take the juror."   Counsel for the defendant replied, " We challenge him."   The court ruled, " When you turned the juror over for cross-examination, that meant an acceptance."   Counsel for defense, " I did not desire to be understood in that way."

After the jury had been selected and before they were sworn, the counsel for the defendant made the following statement : " The counsel for the defendant, having two challenges left, now desires to exercise one of those challenges against the juror John M. Rose, he not yet having been sworn as a juror in the case and having, after examination by counsel for defendant, been turned over to the commonwealth, with no intention whatsoever of accepting him, but simply, as a matter of courtesy, for examination, as has been the practice during the six years that the counsel making this request has been district attorney of this county, and now claims to exercise that challenge."

Upon objection by the commonwealth, the court made the following ruling: "The right of the defendant is a right to reject and not to select jurors and, when in the exercise of his privilege to examine jurors one by one as they are called upon their oath to make true answers, he concludes his examination and turns the juror over to the other side for cross-examination, he thereby waives his right to reject the juror and is concluded. The motion is, therefore, overruled." An exception was noted and bill sealed.

The manifest object of the examination of jurors when called is to determine whether or not ground is or can be laid for challenge for cause. Each party in determining whether or not there is ground for such challenge is entitled to the entire examination of the witness as well his cross-examination as his examination-in-chief. The cross-examination may bring out facts not elicited by the examination-in-chief which would afford sufficient grounds for challenge by the party who had passed the juror and, unless some rule of court or established custom be shown which compels the party examining the juror to determine whether or not he shall accept him before turning him over for cross-examination, we feel bound to hold that no acceptance is implied thereby. This applies to the challenge for cause only, the examination being made for the purpose of enabling the court to determine whether such challenge is well founded. In the case of a peremptory challenge, no examination is necessary, in case either party has determined in advance that such a challenge is to be exercised and, if, upon examination, a challenge for cause is made, the party making it has still a right to a peremptory challenge, if his challenge for cause be overruled.

In Sadler's Criminal Procedure, sec. 455, it is said: "Challenge for cause must be entered at the proper time." "If the right is not exercised before the juror is sworn, it is waived. This waiver may be relieved against, when the party affected has been intentionally misled or deceived by the juror or the opposite party. Where objection is not taken before swearing, it must always appear that the defendant was ignorant of the alleged disqualifications at the time the jury was impanelled."

It is not alleged here, as it could not be, that the defendant was misled either by the juror or the opposite party, but he

certainly was misled as to the effect of simply turning the juror over to the commonwealth for cross-examination.

Whether the custom alleged by the counsel for the defendant as prevailing during the period when he was district attorney of the county prevailed or not, the court was satisfied that he acted in good faith and had no intention of relinquishing the right to challenge, when he passed the juror for cross-examination.

The trial judge seems to have been under the impression that he was dealing solely with the right of peremptory challenge, but the very object of the examination of a juror is to determine whether or not ground can be laid for a challenge for cause. It is true that incidentally the examination may disclose facts which may lead either party to challenge the juror peremptorily but in the first instance ground must be laid for challenge for cause and, if no sufficient bias is shown by the examination to sustain such a challenge and the court overrules it, there may have been a question raised in the mind either of commonwealth or defendant which would lead to a peremptory challenge.

The examination of the jury in this case related to questions which form the foundation of a challenge for cause, namely, the formation or expression of an opinion or a bias against the defendant, caused by reading of newspapers, etc. If a firmly established opinion or a strong prejudice against the defendant or in his favor had been developed in the course of the examination, the trial judge would undoubtedly have sustained a challenge for cause by the one party or the other. The acceptance of the juror by the commonwealth without cross-examination cut off the necessity for a ruling by the court and thereby, under the ruling of the trial judge, closed the mouth of the defendant as to a peremptory challenge.

It seems to us, therefore, that a fundamental and most valuable right of the defendant was taken from him without good ground. The court might have overruled the challenge for cause on the ground that no sufficient bias was shown by the examination of the juror, but in that case the defendant should still have been allowed to exercise his right of peremptory challenge.

As to the remaining assignments of error, it is perhaps enough

to say that, if error was committed by the court in its original charge and answers to points, it was corrected by the court when the jury returned for instructions. We see no necessity for elaborating in any way in dealing with these assignments. Suffice it to say that, in our opinion, there is nothing in them which merits special attention or which can, by careful analysis, be determined as convicting the court of error.

For the reasons stated, however, we are of opinion that the first and second assignments of error should be sustained.

Judgment reversed and a new venire awarded.

ORLADY, J., dissents.