# Commonwealth, Appellant, *v.* Evans.

*Jury—Challenges—Trial—Practice, Q. S.—Acts of March* 6, 1901, *P. L.* 16, *and July* 9, 1901, *P. L.* 629.

Where counsel for defendant in a criminal case, after having examined a juror turns him over to the commonwealth for cross-examination, and the commonwealth accepts the juror without cross-examination, the defendant will not then be allowed peremptorily to challenge him.

Argued Feb. 21, 1905.　Appeal, No. 302, Jan. T., 1904, by plaintiff, from judgment of Superior Court, No. 10, Jan. T., 1904, reversing order of Q. S. Lackawanna Co., Oct. T., 1903, No. 286, overruling peremptory challenge to juror in case of Commonwealth v. David B. Evans.　Before MITCHELL, C. J., DEAN, BROWN, POTTER and ELKIN, JJ.　Reversed.

Appeal from Superior Court.　See Commonwealth v. Evans, 25 Pa. Superior Ct. 239.

The opinion of the Supreme Court states the case.

*Error assigned* was the judgment of the Superior Court.

*Joseph O'Brien*, with him *William R. Lewis*, district attorney, and *James H. Torrey*, for appellant.

*John F. Scragg*, for appellee.

OPINION BY MR. JUSTICE BROWN, June 22, 1905:

David B. Evans was convicted in the court of quarter sessions of Lackawanna county on an indictment charging him with soliciting a bribe.　On appeal to the Superior Court the judgment on the verdict was reversed and a new trial awarded, because the trial court had not allowed the defendant to peremptorily challenge the second juror called: Com. v. Evans, 25 Pa. Superior Ct. 239.　On this appeal the single question to be considered is the correctness of the view of the Superior Court, that the defendant ought to have been allowed to peremptorily challenge the juror after having turned him over to the commonwealth for cross-examination and it had announced its acceptance of him.

By the Act of July 9, 1901, P. L. 629, the commonwealth and defendant were each entitled to six peremptory challenges on the trial of this indictment, to be exercised alternately as the jurors were called, in the absence of a rule in the court below fixing a different manner for exercising the right of peremptory challenge. The first juror called, having been sworn on his voir dire, was first examined by the commonwealth and passed to the defendant, by whom he was accepted. He was thereupon sworn in the case. The second juror, having been sworn on his voir dire, was first examined by the defendant and, after having been examined by his counsel, was handed over to the commonwealth for cross-examination, no cause for challenge having been developed and the right of peremptory challenge not having been exercised. Without cross-examining the juror, the commonwealth announced its acceptance of him when the defendant immediately insisted upon the right to peremptorily challenge him. To this the court below said: " When you turned the juror over for cross-examination that meant acceptance," and the juror was directed to be sworn.

The right to challenge for cause continues until the juror is sworn in the case. If, after examination by the commonwealth on his voir dire, no cause for challenging appears, and the juror is passed to the defendant for cross-examination, from which it does appear that the commonwealth has cause for challenge, he can be challenged by it; and so, if the defendant, in the alternate examination of the next juror called, discovers no cause for challenge, but it is discovered in the commonwealth's cross-examination of him, the defendant can challenge for cause. But a peremptory challenge is not one for cause. It is one which the law in its humanity gives to an accused to be exercised by him without giving or being able to give any reason why the juror should not serve. This challenge excludes a juror on what may be merely the whim of the accused, so great is the law's concern that he shall be tried only by those against whom he does not have even a capricious prejudice. " As every one must be sensible what sudden impressions and unaccountable prejudices we are apt to conceive upon the bare looks and gestures of another, and how necessary it is that a prisoner (when put to defend his life) should have a good opinion of his jury, the want of which might totally disconcert

him, the law wills not that he should be tried by any one man against whom he has conceived a prejudice, even without being able to assign a reason for such dislike: " 4 Black. Com. 353. Though peremptory challenges were not allowed by the common law in the trial of misdemeanors, what is said of peremptory challenges in cases of felonies is equally applicable to those allowed on trials of misdemeanors under our statutes.

In the present case the examination of the juror by the defendant was for the purpose of ascertaining whether any cause existed which disqualified him to serve. No such cause was developed and he was passed to the commonwealth to be cross-examined for the same purpose. But the commonwealth was not bound to cross-examine him, and the defendant was not to assume that it would do so as a matter of course. He, therefore, knew that after the juror had passed the ordeal of his examination, the commonwealth might be content to ask no further questions, and to accept him as not being liable to challenge for cause. This is just what happened, and when the juror was so accepted by the commonwealth, the defendant, who had the right in the first instance to challenge without cause—peremptorily—then insisted upon so challenging. To have allowed him to do so would, as is forcefully put by the court below, have given him " a distinct advantage in excess of what the statute accords him . . . . and the result would have been precisely the same as if the defendant had been speculating on the chance of saving a challenge." This is neither in accord with the letter or spirit of the statute which gives an accused this great right of peremptory challenge to be exercised as his whim, fancy or caprice may prompt. While there is no limit to the right to challenge for cause, except the swearing of the juror to serve in the case, the right to the other challenge passes from the accused when he is to be understood as not intending to exercise it. This intention cannot be exhibited more clearly than when, after a fruitless examination to discover cause, he turns the juror over to the commonwealth for cross-examination for the same purpose, without undertaking to exercise his right to challenge without cause. The right to peremptory challenge is a right to be exercised in rejecting a juror, and the appellant must be understood as not having rejected the second juror when he passed him to the common-

wealth. We are, therefore, of one mind that the court below rightly denied the right to peremptorily challenge that juror.

The judgment of the Superior Court is reversed. The judgment below is affirmed, and it is ordered that the appellant surrender himself to the sheriff of the county of Lackawanna to serve that portion of his sentence which had not expired at the time of his admission to bail on his appeal to the Superior Court.