## Commonwealth *v.* Collins, Appellant.

*Practice Q. S.—Jurors—Women jurors—Custom of excusing.*

A judge of the Quarter Sessions has no authority of his own volition to excuse women jurors from serving in a case merely because the case involves a crime against sexual morality.

A defendant is not entitled to select his own jury, although he has a right to challenge proposed jurors as the statute provides.

Assignments of error which do not comply with the rules of court will be dismissed.

Argued October 15, 1925. Appeal No. 22, April T.. 1926, by defendant from sentence of Q. S. Erie County, May Sessions, 1925, No. 62, in the case of Commonwealth of Pennsylvania v. Harriet Collins, alias Fay

Collins.   Before PORTER, HENDERSON, TREXLER, KEL-
LER, LINN and GAWTHROP, JJ.   Affirmed.

Indictment for maintaining a bawdy house.   Before
ROSSITER, P. J.

The opinion of the Superior Court states the case.

Verdict of guilty on which judgment of sentence
was passed.   Defendant appealed.

*Errors assigned,* among others, were in excusing
certain women jurors and refusing defendant's motion
for a new trial and in arrest of judgment.

*Miles B. Kitts,* and with him *Franklin B. Hosbach,*
for appellant.

*O. J. Graham,* Assistant District Attorney, and with
him *M. Levant Davis,* District Attorney, for appellee.

OPINION BY LINN, J., November 13, 1925:

The assignments of error are dismissed because
none of them conforms to our rules; in fact both the
record and brief seem to have been prepared in dis-
regard of our rules adopted some years ago.   We have,
however, examined the record and find no cause to re-
verse the judgment.

One matter does require notice in order that a prac-
tise, said, at the oral argument, to exist in the court
below, may be discontinued.   After twelve jurors had
been passed and accepted by both sides, and had taken
seats in the box, the trial judge, of his own volition,
before the jurors were sworn in the case, dismissed
two of them—unmarried women—from serving on the
jury.   His purpose may have been laudable enough,
but as there is no authority for it, the practise should
be discontinued.   The limits of the discretion of the
trial judge exercisable during the selection of a jury
are considered in Com. v. Marion, 232 Pa. 413, 418,
and in Com. v. Brown, 23 Pa. Superior Court 470.

In this case, appellant suffered no harm. When the judge excused the two women, appellant was accorded the statutory number of peremptory challenges, and she was tried by twelve jurors. A defendant is not entitled to select his jurors, though he is entitled to challenge proposed jurors as the statute provides. We refer to the matter only that the practise may be discontinued.

The judgment is affirmed and it is ordered that the appellant appear in the court below at such time as she may be there called and that she be by that court committed until she has complied with the sentence or any part of it which had not been performed at the time this appeal was made a supersedeas.