## Obuchowski, Appellant, *v.* Pennsylvania R. R. Co.

*Practice, C. P.—Trial—New trial—Jurors—Qualification— Juror as pensioner of defendant railroad company—Wife of juror as stockholder.*

1. A plaintiff against whom a verdict has been rendered in an action brought by him against his employer, a railroad company, cannot allege that the court erred in refusing him a new trial, because one of the jurors had failed to reveal the fact that he had been a former employee of defendant, had been retired on a pension, and in addition to the pension had been given a pass on defendant's lines; and especially is this so if it appears that the juror did not consider himself an employee, and was quite in-

dependent of the company's control, where the verdict rendered accords with the weight of the evidence and no effort was made to show that the juror was biased.

2. A juror is not incompetent because his wife owns ten shares of the stock of a defendant railroad company, whose capital stock totals millions of dollars.

Argued March 17, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 62, March T., 1927, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1925, No. 3133, on verdict for defendant, in case of Edward Obuchowski v. Pennsylvania Railroad Co. Affirmed.

Trespass for personal injuries. Before MOORE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant. Motion for new trial refused. Plaintiff appealed.

*Error assigned* was refusal of new trial, quoting record.

*Guy B. Hoge,* with him *J. Thomas Hoffman,* for appellant.—Plaintiff was deprived of his constitutional right of having his cause heard by a fair, impartial and disinterested jury, but, on the contrary, jurors either wilfully or unintentionally deceived both the court and counsel when questioned by the clerk as to their interest or lack of interest in the case about to be heard, and thereby deprived plaintiff from knowing the facts and from challenging the said jurors either peremptorily or for cause: Seeherman v. Wilkes-Barre Co., 255 Pa. 11; Hufnagle v. Del. & Hudson Co., 227 Pa. 476; Silvis v. Ely, 3 W. & S. 420; Irvine v. Bank, 1 Pitts. R. 422.

*R. D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellee.

PER CURIAM, April 11, 1927:

Plaintiff sued under the Federal Employer's Liability Act to recover for injuries sustained August 19, 1924,

as an employee of defendant company; the jury returned a verdict for defendant, upon which judgment was entered, and plaintiff has appealed.

The sole assignment of error complains that the court below erred in not granting a new trial, because "members of the jury who were stockholders and employees of defendant company failed to make known that fact when the court clerk inquired of them whether there [were] any stockholders or employees of the Pennsylvania Railroad Company on the panel."

After the verdict for defendant, plaintiff petitioned the court below for the appointment of a commissioner to take testimony to ascertain the truth of the above complaint. The prayer of the petition was granted and witnesses appeared before the commissioner, including one of the jurors named Ament, who testified that he had been in the employ of defendant company for forty-eight years, but had been retired on a pension several years before the date of the trial. This witness said that since his retirement he no longer considered himself an employee of defendant and hence, had he understood the clerk's inquiry to be as to employees, he would not have answered in the affirmative, but, as a matter of fact, he understood the clerk to ask only as to stockholders. The witness stated that, in addition to his pension, he was given a pass on defendant's line.

In disposing of the complaint as to Ament's service on the jury, the court below said: "We are convinced ......that he did not believe himself to be an employee of defendant corporation at the time this case was on trial"; also, that the fact of Ament holding a pass for use on defendant's line did not make him an employee or cause him to stand in such relation to defendant as to raise a presumption that, as a juror, he would favor the latter. In this we see no error. The evidence in the case shows that, after being retired to the pension roll, Ament was never called upon for service by defendant company and was not subject to such call; that he was

entitled by the "law" of the company to his pension for long service, and hence was quite independent of defendant's control. Any possible partiality in favor of defendant as an ex-employer would, it is fair to say, be counterbalanced by a somewhat similar feeling for plaintiff as one serving in a position like that so long occupied by the juror, that is, as a fellow employee. There were no inquiries made, however, to develop whether or not the juror was prejudiced or biased one way or the other.

Another juror named Barnhart made an affidavit to the effect that, while he owned no stock in defendant company, his wife had ten shares.

Both the trial judge and the court below in banc, after carefully considering appellant's complaints, concluded that the verdict rendered by the jury accorded with the "weight of the evidence" and that, under the circumstances, the ends of justice did not call for a new trial; appellant has shown nothing to the contrary, and, as the verdict is a proper one, we shall not disturb it.

The judgment is affirmed.