## Commonwealth v. Winder.

*Robert T. Fox*, District Attorney, and *Thomas R. Wickersham*, for plaintiff. *J. Dress Pannell* and *Donald K. Royal*, for defendant.

HARGEST, P. J., Dec. 31, 1929.—The defendant was convicted on a charge of indecent assault. At the time of the charge he was employed at the Keystone Hospital. After the jury had retired, the following note was received by the trial judge:

"Your Honor, the Judge: We have a juror on this panel who announced the moment he came into the jury room that he knew all about the case before he came into Court and that he had heard all about it at the Keystone Hospital and would sit indefinitely to find him guilty. May I ask whether this juror can serve, *i. e.*, decide the case under these conditions. Most respectfully, Henrietta Z. Shope."

Whereupon the trial judge had the jury brought into court, and, in the presence of counsel for the Commonwealth and for the defendant, told the jury in no uncertain terms that jurors should act upon the evidence which was submitted to them and the evidence alone, and not upon anything which

was heard out of court, and that any juror who acted upon anything which was heard out of court was violating his oath. The jury then retired to further consider the case. No motion of any kind was made by counsel for the defendant. Subsequently, the verdict of guilty was rendered. A motion for a new trial is now before us, based upon the grounds: (1) That the defendant has not had a fair trial before a fair and impartial jury, and (2) that the verdict was against the evidence.

1. Two well settled principles of law are involved in the determination of this question: *(a)* That a defendant is entitled to a fair and impartial trial by a fair and impartial jury, and *(b)* that where a defendant obtains during the trial knowledge of any irregularity or misconduct on the part of a juror, it is his duty immediately to lay the matter before the trial judge and not to take his chance upon a verdict and complain thereafter. If the first of these principles controls this case, a new trial must be granted; if the second controls, it must be refused.

In 16 Corpus Juris, 1154, it is said:

"Where a juror has prejudged defendant's guilt before hearing the sworn testimony, it cannot be said that the defendant has had a fair trial before an impartial jury, and a new trial will be granted. Usually this ground is established by proof of prior statements of the juror concerning the case, bias being deemed to be established where the juror's declaration, on his *voir dire*, that he was not biased is negatived by proof of prior statements of such a character as to show a fixed opinion on the part of the juror, and which, if unknown to defendant until after verdict, will call for a new trial."

The rule is well stated in Gulf C. & S. F. Ry. Co. v. Dickens (Texas), 118 S. W. Repr. 612, 615:

"A fair and impartial trial by a fair and impartial jury is what the law exacts, and this requirement becomes a delusion if men with bias or prejudice or preconceived ideas of the rights of one are allowed to sit in judgment on his case."

In Com. v. Flanagan, 7 W. & S. 415, the court discussed the distinction between prejudging and giving an opinion by a juror and said (page 422):

"The distinction I take to be this: That where there is a legal adjudication of the case by the jurors prior to the trial—that is, a predetermination evinced to find a verdict, without regard to the evidence—it is a mistrial which, *per se*, entitles the party to another hearing; but where the evidence falls short of this, then, in addition, it is necessary to the success of the application to satisfy the court that injustice has been done by the verdict, and that another jury would find in a different way; making, of course, every reasonable allowance in favor of the party asking a new trial."

In the case just cited the distinction between prejudging and giving an opinion is stated as follows (page 420):

"Thus, in the case of M'Causland v. Crawford [1 Yeates, 372, 378], this distinction is taken, the good sense of which is its best recommendation. 'Prejudging and giving an opinion' (as is there said) 'on a statement of certain facts, are very different things. The first implies a strong disposition to favor the one side or the other; a determination to find in one way, let the evidence be what it may. The last involves the truth of certain facts and propositions in the sentiments delivered; and impressions thus made may be effaced by the production of other evidence.' The first involves a charge of gross misbehavior, amounting to criminality, on the part of a juror who consents to serve on a jury when he must know he has precluded himself from forming a just judgment by a prejudication of the case; a determination to decide,

right or wrong, in a particular way. The second, that which is natural to the human mind, to form and even to express an opinion on a supposed state of facts—an opinion only binding or influencing them, provided the case should turn out as it has been represented."

In Com. v. Buzzard, 9 D. & C. 145, 146, Stewart, P. J., brings the same distinction down to date and quotes from the cases just above cited.

2. The other principle is well stated by Chief Justice von Moschzisker, in "Trial by Jury," § 422:

"If the defendant obtains knowledge during the course of his trial of any irregularity or misconduct of the jury, which he believes will work to his prejudice, it is his duty immediately to lay the matter before the trial judge; for if, with this knowledge, he permits the case to go to a verdict, he may be held to have waived the misconduct. A party 'is not allowed to take the chance of a favorable verdict and yet reserve the right to impeach it for known irregularities.' The proper practice in such cases is to make a motion for the withdrawal of a juror."

In Com. v. Clay, 56 Pa. Superior Ct. 427, 463, it is said:

" 'If the defendant supposed that he could not have a fair trial, he ought to have laid the matter immediately before the court and requested that the jury might be discharged. He ought not to have taken the chances of a verdict in his favor and kept his motion for a new trial in reserve:' McCorkle v. Binns, 5 Binney, 340; Eakman v. Shaeffer, 48 Pa. 176; Com. v. Razmus, 210 Pa. 609; Nemcof v. United States, 202 Fed. Repr. 911; Com. v. Beard, 48 Pa. Superior Ct. 319. The defendants having, with knowledge, elected to take their chances with the jury, we would not now be warranted in holding the court below guilty of an abuse of discretion in refusing, upon that ground, to grant a new trial."

See, also, Lieberman v. Colahan, 267 Pa. 102, 107; Polish Society v. Stogoski, 15 Westmoreland L. J. 167, 179; Com. v. Reber, 10 Dist. R. 683; Bentz v. South Bethlehem, 7 Northamp. Co. Repr. 107; Francis v. Philadelphia, etc., Ry. Co., 13 Montg. Co. Law Repr. 176.

In the instant case, the conduct of the juror clearly falls within the first of these legal principles. He had prejudged the case.

In many of the cases the decision largely turned upon the effect of the affidavit or manner of proof in which the defendant endeavored to show the previous prejudice, bias or incompetency of the juror, and in some of the cases the prejudice or bias was denied by the juror: Com. v. Craig, 19 Pa. Superior Ct. 81; Com. v. Thompson, 4 Phila. 215; Com. v. Stokes, 4 York Leg. Record, 187; McCorkle v. Binns, 5 Binney, 340, 347.

In the present case, however, the matter does not rest upon an affidavit. When the question of bias was put to the juror himself in open court, based upon the note hereinbefore quoted, there was no denial by the juror of the facts stated in the note. So there is no difficulty in determining the fact that the juror had prejudged the case. The juror should have disclosed his prejudice before allowing himself to be sworn (Harper v. Kean, 11 S. & R. 280; Com. v. Reber, 10 Dist. R. 683, 684), but he not only did not disclose his bias but failed to deny it when the matter was presented to him. It might be a rather violent presumption to assume that a juror in that frame of mind would change his attitude even after the court instructed him to act upon the evidence and the evidence alone. It is our custom to charge the jurors that they must act on the evidence. We are inclined to think we did so in this case before the juror made his announcement in the jury room, but we have no stenographic notes of the trial. If the juror declined to so act after being

first instructed to do so, it is unlikely he would change his mind after the second instruction.

It also appears that in most of the cases the matter came to the attention of the defendant, either before or during the trial, by some method outside of the proceedings in court. Here the matter came to the attention of the defendant, as well as to the court, by the proceedings in the court itself.

The first rule of law to which we have referred is a fundamental rule for the administration of justice. The second is a rule of practice to prevent the waste of time and money in the administration of justice. Whether a new trial should be granted is a matter within the discretion of the court: Com. v. Clay, *supra*. We are of the opinion that the rule as to procedure should give way to the fundamental rule which goes to the heart of the impartial administration of justice. Therefore, we shall apply the first and not the second principle to which we have referred.

In coming to this conclusion we do so for the further reason that the conviction of this defendant rested upon an identification by the witness alleged to have been assaulted, which identification, to say the least, was not particularly strong. We think there was sufficient evidence to take the case to the jury. We cannot say, as a matter of law, that the verdict was so much against the evidence, because of the weakness of that identification, that it would not otherwise have been sustained. But, under the circumstances, and also for the reason that when fundamental rules of law, which go to the root of the administration of justice, come into conflict with rules of practice, the fundamentals should be adhered to and the rules of practice give way, we shall exercise our discretion by granting a new trial.

Now, Dec. 31, 1929, a new trial is hereby granted.