## Fidele v. Carricato

*A. G. Helbling* and *William Coghlan*, for plaintiff. *Thompson Bradshaw*, for defendant.

BRAHAM, P. J., (fifty-third judicial district, specially presiding), August 9, 1950.—This is an action for alleged malpractice by a dentist. The jury found a verdict in favor of defendant. Plaintiff's motion for

a new trial contained allegations that the verdict was contrary to the law and the weight of the evidence but these specifications of error have not been pressed. The third reason assigned for a new trial is that "the jury was biased, prejudiced and improperly influenced" because, as it developed, one of the jurors was the sister of a dentist. Plaintiff avers that when the jury was being selected and 20 jurors had been called, defendant's attorney asked this question: "Are any of you jurors related to or do you have in your family any person who is a dentist"? To this question all the jurors, including Mrs. Inez Hoffman, are alleged to have indicated in the negative. Mrs. Hoffman is the sister of a dentist.

Plaintiff's claim with respect to this juror was first presented to the court by affidavits presented at the argument on the motion for a new trial. A time for taking testimony was then fixed, at which time the evidence of both sides was received.

From the evidence it appears that the jury was selected without the presence of a judge on the bench. Some questions were admittedly asked of the jury; the jurors were asked whether any were acquainted with the lawyers and whether any had been dental patients of defendant. One such was discovered and by agreement was replaced by another juror.

The evidence concerning the important question is contradictory. Plaintiff himself testified that Mr. Helbling asked all of the jurors whether "any of them had any relatives that had anything to do with a dentist and nobody seemed to say anything about it or said they have". Plaintiff said this question was asked after the 12 jurors had been selected. Samuel McCaw, called by plaintiff, said that he heard Mr. Helbling ask whether any jurors had relatives who were dentists and that there was no answer. He, however, said the question was asked before the 12 were selected.

On defendant's side Inez Hoffman admitted that her brother is a dentist but denied that she had heard any questions asked about relationship with a dentist. In this she was corroborated by Betty Soars, Margaret Heuring and George Milanovich, each of whom testified to being called among the 20. Each said no such question was heard.

With plaintiff's general contention we are in entire agreement. "No person should be permitted to serve on a jury who stands in any relation to a party to the cause that would carry with it prima facia evident marks of suspicion of favor." Not every apparent interest disqualifies. In Hufnagle v. Delaware & Hudson Company, 227 Pa. 476, the juror was an employe of defendant and disqualified. In Obuchowski v. Pennsylvania R. R. Co., 289 Pa. 190, the juror was a pensioner whose wife had shares of stock in defendant company; he was not disqualified. In Seeherman v. Wilkes-Barre Co., 255 Pa. 11, it was held that a stockholder in a corporation is disqualified to sit as juror in the corporation case but that a bondholder is not.

It is unnecessary to point out that the juror, Inez Hoffman, was not disqualified as a juror. Plaintiff may have chosen to challenge her had he known all the facts but she was not incompetent to serve. The law does not entertain the idea that the relatives of all dentists at all times take the side of all other dentists.

Here there must be comparison between what plaintiff did after he learned that Mrs. Hoffman had a brother who was a dentist and what the law required him to do, if he believed himself wronged.

The law says that immediately a party learns that a juror is not really qualified to try his case he must convey the information to the court and ask for immediate relief. He may not hang back, hoping he wins the jury's verdict despite what he has learned, and hold in reserve his complaint about impartiality. In

McCorkle v. Binns, 5 Binney 339, defendant contended that a juror had expressed himself as having irrevocably decided the case in his own mind before he became a juror. The court denied a new trial for the reason that defendant knew of the circumstance before the jury returned its verdict and yet did not complain to the court. In Eakman v. Sheaffer, 48 Pa. 176, defendant learned during the trial of the case in ejectment that one of the jurors had served as juror in a former trial which resulted in a verdict for plaintiff. It was held that by waiting until after the verdict defendant had forfeited any right to object.

In accordance with these principles, when plaintiff learned that a juror had been accepted, about whose impartiality there was doubt, he should have informed the trial judge. He attributes his failure to do so to a lack of definite knowledge; but there was no one better situated to learn the truth immediately than the trial judge who might easily have interrogated the jury.

Plaintiff's counsel admits that he did speak to the trial judge but only in a semi-humorous fashion about his mistake in challenging. Of course the trial judge could do nothing about such a complaint. Parties must inform themselves about prospective jurors. There was no mention of an improper answer to any question. The trial judge not having been present when the jury was selected knew of no questions; he was not informed; plaintiff has no ground for complaint. The time to challenge a juror is before he is sworn and the law does not favor belated objections to the competency or impartiality of jurors: Romesberg v. Merrill et al., 99 Pa. Superior Ct. 197.

The evidence does not convince us that Inez Hoffman did knowingly refuse to answer a question about being related to a dentist or did conceal her relationship. Therefore plaintiff's motion for a new trial must be refused for two reasons: First, because he has not

proved any falsity or concealment on the part of the juror; second, because he did nothing about it until after the jury had returned the verdict. Entertaining these views we make the following

### Order

Now, August 8, 1950, plaintiff's motion for a new trial is overruled and refused and the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.